928 F.2d 408
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Jack Lee HARRIS, Plaintiff-Appellee,
v.
CITY OF PITTSBURG, Defendant,
and
Leonard Castiglione, individually and in his capacity as
Chief of Police for the City of Pittsburg; Anthony Donato,
individually and in his capacity as City Manager of the City
of Pittsburg; William Hendricks, Defendants-Appellants.
 No. 89-16024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1990.
Decided March 18, 1991.
 Appeal from the United States District Court for the Northern District of California; No. CV-86-2101-MHP, MARILYN H. PATEL, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before SNEED, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Jack Harris, formerly a sergeant with the Pittsburg Police Department, filed this action against the Pittsburg Police Chief, the City Manager, and a fellow police officer. Harris claims that his dismissal from the police force violated his rights under 42 U.S.C. Sec. 1983 and the equal protection clause. The defendants moved for summary judgment, claiming they enjoyed qualified immunity from liability. The district court denied this motion, and the defendants now appeal pursuant to Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).
 
 
 3
 The defendants claim that, as municipal government officials, they are immune from section 1983 liability, and that the district court therefore erred in denying their motion for summary judgment. The Supreme Court has held that government officials enjoy qualified immunity from section 1983 liability for actions performed in the course of their official duties. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To survive a motion for summary judgment on qualified immunity grounds, the plaintiff must allege a violation of clearly established law, and there must exist a genuine issue of fact as to whether the defendant committed the relevant acts. Mitchell, 472 U.S. at 526 (citations omitted).
 
 
 4
 A genuine issue of fact exists with regard to the actual subjective motivation of the defendants. There is evidence in the record to permit a trier of fact to infer that the motivation for Harris' discharge, as he contends, was to punish him for his speech; the defendants claim the discharge was motivated by Harris' violation of departmental rules and policies. The defendants' motive in firing Harris is a substantive element of the constitutional violation alleged, and is a disputed question of fact that must be presented to the jury. Therefore, the district court was correct in holding that summary judgment was not appropriate. Allen v. Scribner, 812 F.2d 426, 436 (9th Cir.1987); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1319 (9th Cir.1989); see Pickering v. Board of Educ., 391 U.S. 563, 574-75 (1968) (school board cannot terminate teacher in retaliation for critical letter); McKinley v. City of Eloy, 705 F.2d 1110, 1115 (9th Cir.1983) (police officer cannot be terminated in retaliation for speech given to city council); O'Brien v. Town of Caledonia, 748 F.2d 403, 409 (7th Cir.1984) (police officer cannot be disciplined for reporting departmental irregularities to authorities); Brockell v. Norton, 732 F.2d 664, 669 (8th Cir.1984) (police dispatcher cannot be terminated in retaliation for violating chain of command to report wrongdoing).
 
 
 5
 Harris' request for sanctions is denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3